**ANG JIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76014.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Dec. 21, 2006.

Michael A. Ladra, Esq., Wilson Sonsini, et al, Palo Alto, CA, Jeffrey E. Tsai, Esq., Keker & Van Nest, LLP, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of

Homeland Security, San Francisco, CA, Elizabeth A. Horsman, Esq., Office of the U.S. Attorney, Helena, MT, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

### MEMORANDUM *

This is a petition for review of a decision of the BIA denying asylum to the petitioner, Ang Jin.

 Petitioner's principal claim is that he is eligible for asylum on the basis of his alleged wife's abortion. See 8 U.S.C. § 1101(a)(42)(B). He relies on *Ma v. Ashcroft*, 361 F.3d 553 (9th Cir.2004), for the proposition that he is eligible for such relief even though he was not legally married to the young woman. In *Ma*, however, the couple took every step to establish their marriage, including obtaining a certificate of registration when Ma was old enough to marry, several years after his wife's abortion. That marriage would have been recognized at the time that it was originally entered into but for China's planning policy. *See Ma*, 361 F.3d at 561.

This was not such a "marriage." The petitioner left his alleged wife in order to come to this country, and he has taken no steps to have a marriage to her recognized under Chinese law. Therefore, he does not qualify for relief under 8 U.S.C. § 1101(a)(42)(B).

Moreover, substantial evidence supports the BIA's determination that the economic disadvantages the petitioner suffered, caused by government interference in the operation of his business, did not amount to persecution. There was no substantive economic disadvantage which is what our jurisprudence requires. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004). The claim that he suffered cumulative effects of government conduct tantamount to persecution is without merit. *See Singh v. INS*, 134 F.3d 962, 968 (9th Cir.1998).

Petition for review is DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.